UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BMO HARRIS BANK N.A., <br><br> Plaintiff, <br><br> v. <br><br> RESISTOL SERVICES LLC, JARROD MURRAY, and NICHOLAS ANDREWS, <br><br> Defendants. | Case No. 20-cv-5313 |

## COMPLAINT

Plaintiff, BMO Harris Bank N.A., by its attorneys, complains of Defendants, Resistol Services LLC, Jarrod Murray and Nicholas Andrews, as follows:

### THE PARTIES

1. Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office, as set forth in its articles of association, located in Chicago, Illinois. For jurisdictional purposes, Plaintiff is a citizen of the State of Illinois.

2. Defendant, Resistol Services LLC. ("Borrower"), is a limited liability company organized under the laws of the State of Oklahoma and its principal place of business located at 121 Oilfield Drive, Elk City, Oklahoma. The members of Borrower are Jarrod Murray and Nicholas Andrews, both residents and citizens of the State of Oklahoma. For jurisdictional purposes, Borrower is a citizen of the State of Oklahoma.

3. Defendant, Jarrod Murray ("Murray"), is an individual resident and citizen of the State of Oklahoma.

4. Defendant, Nicholas Andrews ("Andrews," and together with Murray, the "Guarantors"), is an individual resident and citizen of the State of Oklahoma.

1

## JURISDICTION AND VENUE

5. The parties are of diverse citizenship.

6. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

8. In the agreements that form the subject matter of this Complaint, the parties agreed that any legal action or proceeding with respect to or relating to such agreements shall be brought exclusively in the federal or state courts located in Cook County, Illinois.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND FACTS

### The Agreements

10. On or about December 28, 2017, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "First Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein, with interest, pursuant to the terms thereof. A true and correct copy of the First Agreement is attached hereto as "**Exhibit A**."

11. On or about January 26, 2018, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Second Agreement," and together with the First Agreement, the "Agreements"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein with

interest pursuant to the terms thereof. A true and correct copy of the Second Agreement is attached hereto as "**Exhibit B**."

12. Pursuant to the Agreements, Borrower granted Plaintiff a first-priority security interest in the equipment described in the respective Agreements, including all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto (collectively, the "Collateral").

13. To induce Plaintiff into entering the Agreements, Guarantors unconditionally guaranteed the past, present and future performance of Borrower under the Agreements (the "Guaranties"). True and correct copies of the Continuing Guaranties, executed by Guarantors in favor of Plaintiff dated December 28, 2017, evidencing the Guaranties are attached hereto as "**Exhibit C**."

14. On or about August 19, 2019, Plaintiff and Borrower entered into Modification Agreements with respect to the Agreements whereby the parties agreed to modify the payment terms as set forth therein. Guarantors consented to the Modification Agreements and acknowledged that their obligations and duties to Plaintiff were not impaired by the modification. True and correct copies of the Modification Agreements are incorporated with the respective Agreements in **Exhibits A and B**.

15. Under the terms and conditions of the Agreements and the Guaranties, the failure to make a payment when due is considered an event of default.

### Default Under the Agreement

16. Borrower is in default under the Agreements.

17. Borrower failed to make payments under the Agreements when those payments became due.

18. More specifically, Borrower failed to make the payments due November 1, 2019 under the Agreements. No subsequent payments were made and Borrower's defaults under the Agreements are continuing.

19. Guarantors are in default under the Guaranties.

20. Guarantors failed to make payments under the Agreements when those payments became due. Guarantors' defaults under the Agreements and the Guaranties are continuing.

21. Pursuant to the Agreements, upon Borrower's default thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

22. Plaintiff notified Defendants of their defaults under the Agreements and the Guaranties and made demand that Borrower surrender possession of the Collateral to Plaintiff and that Defendants pay the amounts due under the Agreements and the Guaranties.

23. Despite express demand, Defendants have failed or refused to pay the amounts due and owing under the Agreements and the Guaranties.

24. Prior to the filing of this Complaint, Plaintiff recovered possession of the Collateral. Plaintiff is in the process of determining the best means of mitigating its damages through the sale or other disposition of the Collateral. Plaintiff nevertheless expects that a deficiency will remain.

25. Due to Borrower's defaults, Plaintiff elected to accelerate the amounts due and owing under the Agreements effective March 30, 2020.

26. Under the Agreements, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1 1/2%) per month or the maximum rate not prohibited by applicable law. Interest is calculated based on a 360 day year consisting of twelve 30 day months.

27. In addition, under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

28. In addition, under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

29. In addition, under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

30. Under the Guaranties, Guarantor is obligated to pay all amounts due and owing by Borrower to Plaintiff under the Agreements, without limitation.

31. Calculated as of July 17, 2020, after applying all applicable credits, the amount due and owing under the Agreements, not including attorneys' fees and expenses or cost of collection, is an amount not less than $759,240.72.

32. Plaintiff notified Defendants of its election to accelerate the amounts due and owing under the Agreement and made written demand upon Defendants to pay the amounts due. True and correct copies of Plaintiff's Notice of Default and Acceleration to Defendants dated August 11, 2020 are attached hereto as "**Exhibit D**."

33. Despite express demand, Defendants have failed or refused to pay the amounts due and owing under the Agreements and the Guaranties.

34. The Agreements expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

35. Plaintiff has performed any and all conditions and obligations required of it under the Agreements and the Guaranties.

## COUNT I - Breach of Contract (Borrower)

36. Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

37. The Agreements are valid and fully enforceable contracts between Plaintiff and Borrower.

38. Plaintiff has performed all terms and conditions to be performed by Plaintiff pursuant to the Agreements.

39. Borrower has not performed all the terms and conditions to be performed by Borrower pursuant to the Agreements and is in breach thereof.

40. Plaintiff has suffered damages due to Borrower's breach.

41. Borrower is entitled to contractual money damages from Borrower.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower in the amounts due under the Agreements, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

## COUNT II - Breach of Contract (Guarantors)

42. Plaintiff incorporates and realleges all preceding paragraphs in this Count II.

43. The Guaranties are valid and fully enforceable contracts between Plaintiff and Guarantors.

44. Plaintiff has performed all terms and conditions to be performed by Plaintiff pursuant to the Agreements and the Guaranties.

45. Guarantors have not performed all the terms and conditions to be performed by Guarantors pursuant to the Guaranties and is in breach thereof.

46. Plaintiff has suffered damages due to Guarantors' breaches.

47. Borrower is entitled to contractual money damages from Guarantors.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Guarantors, jointly and severally, in the amounts due under the Agreements and the Guaranties, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

Dated: September 9, 2020.

Respectfully submitted,

**BMO HARRIS BANK N.A.**

By: /s/ Aaron B. Chapin
    (one of its attorneys)

Aaron B. Chapin (ARDC 6292540)
Husch Blackwell LLP
120 South Riverside Plaza
Chicago, IL 60606
Phone: 312.655.1500
Fax 312.655.1501
aaron.chapin@huschblackwell.com